```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**STATE OF KANSAS,**

                              **Plaintiff,**

                                                           CIVIL ACTION
          vs.                                                      No. 05-3311-SAC

**DEWARD CUMMINGS,**

                              **Defendant.**


### ORDER

Before the court is a notice of removal filed by Deward Cummings, a defendant in a pending criminal action in the Washington County District Court in Washington, Kansas.[1] Cummings presents various allegations of error in the pending state criminal proceeding, including allegations of bias and conflict of interest by the trial court judge, and of the deprivation of his property and liberty without due process. He also claims the sheriff report underlying the criminal charge filed against him is not supported by the facts, and argues he is unable to obtain a fair trial in the Kansas state courts.[2]

---

[1] Cummings also submitted an affidavit of poverty (Doc. 2) which the court liberally construes as a request for leave to proceed in forma pauperis under 28 U.S.C. 1915. Having reviewed Cummings' limited financial resources, the court grants this motion.

[2] Cummings further cites his Nebraska citizenship, and states there is diversity jurisdiction under 28 U.S.C. 1332 for the federal court to proceed in the removed state criminal proceeding.

Removal of a state criminal matter to a federal court is controlled by 28 U.S.C. 1446 which provides in relevant part that

> A defendant ... desiring to remove any ... criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action.

28 U.S.C. 1446(a).

The notice of removal must include all grounds for removal, and must be filed within 30 days of the defendant's arraignment in the state court, or any time before his trial, whichever is earlier.[3] 28 U.S.C. 1446(c)(1)and (2). The filing of a notice of removal of a criminal prosecution does not prevent the state court from proceeding in the criminal action, but does prevent the state court from entering a judgment of conviction if the prosecution has not been remanded to the state courts. 28 U.S.C. 1446(c)(3).

This court is to promptly examine any notice of removal filed from a state criminal prosecution. 28 U.S.C. 1446(c)(4). Summary remand is to be ordered if it "clearly appears on the

---

[3]Cummings' motion to file a notice of removal out of time (Doc. 3) is denied. The limited information provided in the record includes notice of a continuance of Cummings' arraignment to June 20, 2005. Assuming the arraignment proceeded as scheduled on that date, Cummings' notice of removal would be timely filed.

face of the notice and any exhibits annexed thereto that removal should not be permitted." Id.  Otherwise, a prompt evidentiary hearing is to be ordered and conducted to determine if removal is to be permitted.  28 U.S.C. 1446(c)(5).

Having reviewed the materials submitted by Cummings in this matter, the court finds summary remand of the criminal prosecution to the state courts is warranted.

Removal of criminal prosecutions is limited to actions against federal officers, 28 U.S.C. 1442, members of the armed forces, 28 U.S.C. 1442a, and defendants in certain civil rights actions, 28 U.S.C. 1443.  The court finds none of these requirements are satisfied by a plain and liberal reading of the pro se notice of removal submitted in this matter.  Cummings' state criminal proceeding clearly does not entail prosecution against a federal agent or a member of the armed forces.  Nor does the state criminal proceeding satisfy the requirements for removal under Section 1443.

"[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." Georgia v. Rachel, 384 U.S. 780, 800 (1966).  Instead, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." Id. To remove under Section 1443, a defendant must rely on law providing for equal civil rights stated in terms of racial equality.  Id. at 791; Neal v. Wilson, 112 F.3d 351, 355 (8th

3

Cir. 1997). Allegations "that the defendant is unable to obtain a fair trial in a particular state court" do not support removal under Section 1443(a). Greenwood v. Peacock, 384 U.S. 808, 827 (1966). See also, Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001)(broad assertions under Equal Protection Clause are insufficient to support a valid claim for removal under Section 1443(1)).

The court thus finds removal of the state court action to federal court was improper, and concludes this matter should be summarily remanded to the state courts.

To the extent Cummings seeks relief from the federal courts to prevent the violation of his constitutional rights in his pending state criminal proceeding, he must proceed under habeas corpus after first exhausting available state court remedies. Even if the court were to liberally construe the instant notice as a petition for a writ of habeas corpus under 28 U.S.C. 2254, dismissal of the action without prejudice would be appropriate.

Federal court interference in state criminal proceedings should not be undertaken except in the most narrow and extraordinary circumstances. Younger v. Harris, 401 U.S. 37 (1971). Intervention may be appropriate if there has been a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." Id. at 54.

Although Cummings suggests that his pending state criminal prosecution will violate state and federal law, his allegations are far from cogent and are wholly insufficient at this stage to

determine whether any such colorable claim is presented. The summary remand entered herein reflects the court's considered opinion that removal to federal court is improper, that the state courts are in a better position to review Cummings' allegations of bias and error in the pending criminal proceeding, and that the state courts are fully capable of protecting Cummings' constitutional rights.

   IT IS, THEREFORE, BY THE COURT ORDERED that Cummings is granted leave to proceed in forma pauperis, and that Cummings' motion to file a notice of removal out of time is denied.

   IT IS FURTHER ORDERED that this matter is remanded to the state courts.

   Copies of this order are to be mailed to Deward Cummings, and to the Clerk of the Washington County District Court.

   **IT IS SO ORDERED.**

   DATED:  This 26th day of July 2005 at Topeka, Kansas.


                                     s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge